UNITED STATES of America

v.

Otis D. WILKERSON, a/k/a Robert N. Jones, Appellant.

No. 75–1111.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 20, 1975.

Decided April 27, 1976.

Arnold D. Berkeley, Washington, D. C., with whom David R. Straus, Washington, D. C. (both appointed by this court), was on the brief for appellant.

Hamilton P. Fox, III, Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Carl S. Rauh, Principal Asst. U. S. Atty., John A. Terry, James F. McMullin and Robert R. Chapman, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment to a prison term following conviction of kidnapping and assault of a federal officer. Appellant, who prefers to be referred to as Jones, together with co-defendant Gorham, were indicted on various counts of attempts to escape from the cellblock in the U.S. Courthouse, and possession of a loaded weapon, as well as the crimes involved in the appeal. Defendant admitted to his guilt of the crimes of attempted escape and possession, but protests the other convictions and the extra punishments assigned for those crimes. He was sentenced to a term of 15 years to life for each of eight counts of armed kidnapping and to a term of 40 months to ten years for each of four counts of assault on a federal officer.[1]

The central facts concerning the escape may be briefly summarized as follows:

Appellant and Frank Gorham, Jr., were among a number of prisoners brought to the United States Courthouse cellblock in the District of Columbia July 11, 1974. During preparations to return the prisoners to the D.C. Jail, Gorham produced a gun while a Deputy Marshal was attempting to handcuff Jones. After an unsuccessful attempt to leave the Courthouse, Jones, Gorham and the Marshal returned to the basement cellblock. Jones and Gorham armed themselves from a gun locker and took control of the prisoners, marshals, and visitors then present in the cellblock. They maintained that control for five days while they negotiated for a plane out of the country. During that time they released a senior marshal, and all but one of the prisoners who had been in the cellblock with them July 11, but kept the remaining eight marshals and visitors as hostages. Extensive press coverage of the cellblock events and frequent outside communication with the escapees and their hostages marked the takeover. On July 14 all but one of the hostages escaped from the cellblock. About 12 hours later, appellant and Gorham surrendered.

The first ground of appeal is failure to grant a change of venue. Defense counsel sought a change of venue because of prejudicial pretrial publicity. There was extensive coverage of this incident, both in the newspapers, and on radio and television broadcasts in this city, and incidentally on national television. However, the trial judge followed the procedure which we have approved in other cases of deferring the decision on the motion for transfer of venue until there had been an opportunity to voir dire the jury panel. We are satisfied that the answers elicited on the voir dire showed that it was possible to get a

---

[1] He was also sentenced to a term of from 20 months to 5 years for attempted escape and to a term of from 10 months to 2 years for carrying a concealed weapon without a license. The sentence was to run concurrently on all counts but consecutively to any sentence currently being served for previous convictions.

jury that had not been so fixed by the pretrial publicity that it was unable to render a fair verdict.[2]

◼ Appellant counsel raises the additional objection that there was prejudice in trying a case in the U.S. Courthouse that involved physical danger to people present in the U.S. Courthouse. This is not an uninteresting question, but did not require a change in venue of the court but a change in location of the building in which the trial would be held. The question was not presented to the trial court and we see no basis for appellate intervention.[3]

◼ There is also objection to the type of questioning by the prosecutor of the defendant Jones concerning his involvement in prior escape attempts. No objection was made when the prosecution elicited the fact that Jones had been convicted of a prior escape attempt. Defense counsel acquiesced that this conviction could be elicited for purposes of impeaching credibility of defendant as a witness. But objection was raised by defense counsel when the prosecutor asked questions on cross-examination which sought to explore the details of the prior claims. His position was that credibility had already been impeached and that the details raised the problem that similar crimes were involved and that the jury might view the prior crimes as substantive evidence of guilt. We reject this objection. Evidence of prior crimes is admissible not merely for impeachment of a witness but as affirmative evidence of the crime under prosecution, and indeed evidence that may be brought out by the prosecution on its direct proof, in certain circumstances, as set forth in our opinion in *Drew*,[4] and subsequent cases.[5] The main issue developed by defendant in this case was that he was involved in the attempt, but was not involved in the kidnapping and holding of innocent persons as hostages. We will assume for the moment that that presented a substantial ground of defense. It was more likely to have been addressed to the jury's sense of clemency than to sound legal doctrine, since defendant Jones was implicated in any event for aiding and abetting co-defendant Gorham, and for actions taken by Gorham in pursuit of their plan for escape. But there is legal doctrine that would permit Jones to argue that his liability for aiding and abetting should not be extended to acts that were neither known to him as being in the contemplation of Gorham, or fairly subject to being contemplated.[6]

◼ Assuming however that Jones had a permissible line of defense, it was subject to counter-action by the prosecution on the ground that he did intend that hostages be taken if opportunity and need arose in the course of the escape. And the fact that both defendants had previously been involved in the same sort of crime would be substantive prejudicial evidence on that issue of intention. The prosecutor asked for a cautionary instruction the day after he elicited the testimony about defendant's prior escape attempt to show "that there

**2.** Of the 13 veniremen who stated that they had heard of the cellblock takeover and had formed an opinion about the guilt or innocence of the defendants, all but one were excused for cause. The woman not challenged for cause said she should not have responded to the question and could set aside media information, but she was in any case not called to serve. Seven other veniremen stated they heard something about the case but could not recall the details and had not formed an opinion. All seven were examined individually at the bench, only one served, and she was not challenged for cause. Defendant's counsel used the 10 peremptory challenges available to him.

**3.** *Cf. Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973).

**4.** *Drew v. United States,* 118 U.S.App.D.C. 11, 16, 331 F.2d 85, 90 (1964).

**5.** *See e. g., United States v. Anderson,* 165 U.S.App.D.C. 390, 407, 509 F.2d 312, 329 (1974), *cert. denied* 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 672 (1975); *United States v. Fench,* 152 U.S.App.D.C. 325, 331, 470 F.2d 1234, 1240 (1972), *cert. denied,* 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973).

**6.** *See e. g., United States v. De Lamotte,* 434 F.2d 289, 293 (2nd Cir. 1970), *cert. denied,* 401 U.S. 921, 91 S.Ct. 910, 27 L.Ed.2d 825 (1971).

was a common scheme or plan to commit crime which was almost identical to the crimes that were committed back in 1972." Tr. at 327. The court gave the instruction in the requested wording of a standard form of instruction which has been developed by lawyers in the District of Columbia drawing on past opinions. This so-called "Red Book" instruction 2.49 provides:

> Evidence has been introduced that the defendant [participated previously in an escape attempt]. This evidence was admitted solely for your consideration of whether it tends to show.

> [e] that the defendant had a scheme or design to commit crimes of the sort with which he is now charged.

> You are not required so to consider this evidence, and whether you do so or not is a matter within your exclusive province. You may not consider it as tending to show in any other respect the defendant's guilt of the offense [or offenses] with which he is now charged.

The instruction thus limited the jury's consideration of the previous escape evidence to one of the uses approved by *Drew, supra.* There being no other error, we

*Affirm.*